**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | No. 09-00583 |
| | ) | |
| WILLIAM J. LUNKES, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Jacqueline P. Cox |
| | ) | |
| | ) | **Hearing Date:   October 15, 2015** |
| | ) | **Hearing Time:  9:30 a.m.** |
| | ) | **Room No.:       680** |

**COVER SHEET FOR SECOND AND FINAL APPLICATION OF FRANKGECKER LLP**
**FOR ALLOWANCE OF COMPENSATION AND EXPENSES**


Name of Applicant:              FrankGecker, LLP

Authorized to Provide           Frances F. Gecker, Chapter 7 Trustee of the Estate of
Professional Services to:       William J. Lunkes

Period for Which                February 1, 2015 through July 31, 2015
Compensation is Sought:

                                      $585.00 (Reduced)[1]

Amount of Expense                  $ 12.88
Reimbursement Sought:

This is an:                     Second and Final Application



The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered
and expenses incurred herein is: $56,544.88.

---

[1] The Trustee has reviewed the First Interim Application that was previously approved by the Bankruptcy Court.
Based on that review, the Trustee has made a credit adjustment to FrankGecker's First Interim Fee Application, and
reduced the fees in this Second and Final Fee Application of FrankGecker in the amount of $2,512.50.

{WILLIAML/001/00043395.DOC/}

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | No. 09-00583 |
| | ) | |
| WILLIAM J. LUNKES, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Jacqueline P. Cox |
| | ) | |
| | ) | **Hearing Date:   October 15, 2015** |
| | ) | **Hearing Time:  9:30 a.m.** |
| | ) | **Room No.:        680** |

**NOTICE OF HEARING**

PLEASE TAKE NOTICE that on **October 15, 2015 at 9:30 a.m.,** or as soon thereafter as counsel may be heard, we shall appear before the Honorable Jacqueline P. Cox in her usual Courtroom No. 680  of the United States Bankruptcy Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois, or whomever may be sitting in her place and stead, and then and there present the **FRANKGECKER LLP'S SECOND AND FINAL APPLICATION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO CHAPTER 7 TRUSTEE** a copy of which is attached hereto and hereby served upon you.

Dated:  September 14, 2015

Respectfully submitted,

FRANCES GECKER, not individually but as Chapter 7 Trustee of the bankruptcy estate of WILLIAM J. LUNKES

By:    /s/      *Micah R. Krohn*
One of her attorneys

Micah R. Krohn (IL ARDC #6217264)
**FrankGecker LLP**
325 N. LaSalle Street, Suite 625
Chicago, Illinois 60654
Tel.:  (312) 276-1400
Fax:  (312) 276-0035

{WILLIAML/001/00043395.DOC/}

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 09-583 |
| | ) | |
| WILLIAM J. LUNKES, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Jacqueline P. Cox |
| | ) | |

**FRANKGECKER LLP'S SECOND AND FINAL APPLICATION FOR
ALLOWANCE OF COMPENSATION AND REIMBURSEMENT
OF EXPENSES AS COUNSEL TO CHAPTER 7 TRUSTEE**

FrankGecker LLP ("FG"), counsel to Frances Gecker, not individually but as Chapter 7

Trustee (the "Trustee") of the bankruptcy estate of William J. Lunkes (the "Debtor"), hereby

submits its second and final application (the "Application") pursuant to 11 U.S.C. §§ 330, 331

and 507(a)(1) seeking approval of FG's compensation totaling **$585.00**[1] for legal services

performed as counsel to the Trustee for the time period of February 1, 2015 through and

including July 31, 2015 (the "Application Period"), and reimbursement of expenses totaling

**$12.88** incurred in connection with those services.  In support of its Application, FG respectfully

states as follows:

## BACKGROUND

1.      On January 1, 2009 (the "Petition Date"), the Debtor filed a voluntary petition for

relief under Chapter 7 of the Title 11 of the United States Code (the "Bankruptcy Code") in the

United States Bankruptcy Court for the Northern District of Illinois, Eastern Division (the

"Cases").

---

[1] The Trustee has reviewed the First Interim Application that was previously approved by the Bankruptcy Court.
Based on that review, the Trutee has made a credit adjustment to FrankGecker's First Interim Fee Application, and
reduced the fees in this Second and Final Fee Application of FrankGecker in the amount of $2,512.50.

2.      Frances Gecker is the duly appointed and qualified Chapter 7 Trustee of the Debtor's bankruptcy Estate.

3.      This Application sets forth in detail the work performed by FG and the time spent between February 1, 2015 through and including July 31, 2015 on behalf of the Trustee and the estate.  To aid the Court in its review of the Application, FG has divided the Application into three parts.  Part I describes the practical and legal issues encountered by FG, and the actions taken and results obtained by FG.  Part II describes counsel's qualifications and areas of special expertise.  Part III describes the manner in which the fees and costs were calculated.

## I.    SERVICES PERFORMED

### A.    Administration                                              $86.00

FG spent .20 hours at a cost of $86.00 on matters relating to the administration of the Debtor's estate. Services provided by counsel in this area included counsel's communications with parties in interest relating to distribution to the estate.

### B.    Retention of Professionals/Fee Applications              $3,011.50

FG spent 13.30 hours at a cost of $3,011.50 on matters relating to the preparation of counsel's first and final fee applications.

## II.   PROFESSIONALS PROVIDING SERVICES FOR THIS ESTATE

A.      Micah R. Krohn (MRK) is senior counsel at FG.  Mr. Krohn graduated from the Cardozo School of Law in 1992 and served as law clerk to the Hon. Erwin I. Katz from 1992 through 1994.  Mr. Krohn specializes in bankruptcy law and has represented trustees, debtors and creditors in bankruptcy cases for more than 20 years.

B.      Michael H. Matlock (MHM) is a paralegal at FG.  Mr. Matlock is a graduate of

the University of Oklahoma and has over twenty-five years' experience working on bankruptcy

matters on behalf of debtors, creditors and trustees.  Mr. Matlock assisted with analysis and

preparation of the first interim fee application in this case.

C.      Christina Smith (CSS) is a paralegal at FG.  Ms. Smith assisted counsel with case

research and case administration. Ms. Smith has worked as a paralegal specializing in

bankruptcy for over fifteen years.


III.    **CALCULATION OF TIME AND FEES**

This is the first interim application of FG for compensation and reimbursement of fees

and expenses.  This fee application applies only to fees and expenses incurred by FG during the

Application Period.  All professional services for which compensation is requested herein have

been for services directly related to the case and that were rendered for the benefit of the Trustee

and the Debtor's estate.  No agreement or understanding exists between FG and any other person

for the sharing of compensation received or to be received in connection with this case, other

than as disclosed or authorized pursuant to 11 U.S.C. §§ 327, 328, 330 and 331.

As set forth in the attached **Exhibit A**, FG's attorneys and paralegals have spent a total of

**13.50** hours providing necessary legal services for the Trustee.  As a result, FG requests

compensation in the reduced amount of **$585.00** for actual, necessary legal services performed.

In preparing this fee application, FG has calculated the amount of time spent by each

attorney and paralegal in performing actual, necessary legal services for the Trustee, as shown on

**Exhibit A** attached hereto.  The data used came directly from computer records that are kept by

FG for each of its clients.  The hourly rates charged are the regular hourly rates charged by FG to

its clients.  FG has endeavored to avoid duplication of effort between parties, and in certain

instances where more than one attorney billed for a specific task, either there was a need for multiple attorneys' involvement, or the time of one of the attorneys was voluntarily written off. This type of representation has been approved in analogous circumstances. *See Berberena v. Coler*, 753 F.2d 629 (7th Cir. 1985); *In re Washington Mfg. Co.*, 101 B.R. 944 (Bankr. M.D. Tenn. 1989); *In re N-Ren Corp.*, 71 B.R. 488 (Bankr. S.D. Ohio 1987).

The Application also includes out-of-pocket expenses incurred in the amount of **$12.88**, as summarized on **Exhibit A**. FG does not bill its clients or seek compensation in this Application for its overhead expenses, including word processing, in-house photocopying, facsimile transmissions, long distance telephone and legal research; instead, such expenses are factored into FG's normal and customary rates. However, FG does include charges for postage, outside photocopying, messenger services or local transportation in its overhead because it has determined that it is fairer to FG's smaller clients who use proportionately less of these services to have these expenses billed separately. These charges fairly compensate FG for its actual costs and do not result in undue revenue for the firm. Moreover, FG's non-bankruptcy clients routinely are billed for and pay these types of expenses. *See In re Continental Securities Litigation*, 962 F.2d 566, 570 (7th Cir. 1992).

To aid the Court in its review of this material, FG has prepared its time exhibits by topic as presented in the attached **Exhibit A**. The time entries cover all work performed by FG regardless of whether the work consisted of office conferences, telephone conferences, research or some other type of work.

No compensation has been promised to FG, other than as disclosed or approved by this Court. FG certifies that there is no agreement between the firm and any other party regarding the sharing of fees except with the firm's partners, nor has the firm discussed or negotiated the

amount of its fees with any party except the Trustee.  Finally, FG represents that it is and remains

a disinterested party and does not hold any relationship adverse to the estate.

WHEREFORE, FrankGecker LLP respectfully requests that this Court enter an Order:

A.     Allowing FrankGecker LLP interim compensation for actual, necessary legal

services in the amount of **$585.00**;

B.     Allowing FrankGecker LLP reimbursement of actual, necessary expenses in the

amount of **$12.88**; and

C.     Authorizing the Trustee to pay FrankGecker LLP interim compensation and

expense reimbursement in the total amount of **$597.88**.

Dated:  August 26, 2015                    Respectfully submitted,

                                          FRANCES GECKER, not individually, but as
                                          Chapter 7 Trustee of the bankruptcy estate of
                                          WILLIAM J. LUNKES

                                          By:_____/s/_____*Micah R. Krohn*_____
                                                        One of her attorneys

Micah R. Krohn (IL ARDC #6217264)
**FrankGecker LLP**
325 N. LaSalle Street, Suite 625
Chicago, Illinois 60654
Tel.:  (312) 276-1400
Fax:  (312) 276-0035
mkrohn@FGllp.com